IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GWENDOLYN CANN et al. | : |
| | : |
| v. | : Civil No. WMN-10-2213 |
| | : |
| BALTIMORE COUNTY, MARYLAND et al. | : |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

This action arises out of the February 29, 2008, fatal shooting of Taevon Cann by several Baltimore County police officers. According to the Complaint, shortly after Mr. Cann drove into a gas station to purchase gasoline, he was approached by two men in civilian clothing pointing handguns. When he tried to drive backwards to get away, his car was rammed by a Baltimore County Police car. Several Baltimore County Police officers then surrounded his car and commenced firing, discharging more than 70 rounds.

Taevon Cann's mother, Gwendolyn Cann, brought this action individually and as personal representative of his estate, naming as defendants each of the officers involved in the incident (the Individual Defendants), as well as Baltimore County. The Complaint asserts a claim for violation of Taevon Cann's civil rights pursuant to 42 U.S.C. § 1983 (Count I); a

1

survival action (Count II); a wrongful death action (Count III); a battery claim (Count IV); and a negligence claim against Baltimore County (Count VI).  In addition, the Complaint contains a claim for conversion (Count V) which is premised on an allegation that officers on the scene seized $1,784.00 from Mr. Cann's body which was never returned to his mother or to the estate or was otherwise accounted for.

Relying on this Court's decision in <u>Marryshow v. Town of Bladensburg</u>, 139 F.R.D. 318 (D. Md. 1991), and its progeny, Defendants have filed a Motion to Bifurcate and for Partial Stay of Discovery.  ECF No. 26.  Defendants ask that the Court bifurcate the claims against the Individual Defendants from the claims against Baltimore County and stay discovery against the County until after the trial of the Individual Defendants. Plaintiff has opposed the motion and, while Defendants did not file a reply memorandum, the time for so doing has now expired. Accordingly, the motion is ripe.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion should be granted.

Under Rule 42(b), the Court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any

2

claims or issues. Fed. R. Civ. P. 42(b). The district court has broad discretion in deciding whether to bifurcate claims for trial and the exercise of that discretion will be set aside only if clearly abused. Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th Cir. 1993); Dawson v. Prince George's County, 896 F. Supp. 537, 539 (D. Md. 1995). Furthermore, although Rule 42 does not expressly address the bifurcation of discovery, courts have looked to similar factors as those relevant to the bifurcation of trial when determining whether discovery related to the deferred claims should be stayed. See Taylor v. Maryland, Civ. No. DKC-10-2167, 2010 WL 5247903 at *2 (D. Md. Dec. 16, 2010); Swagler v. Harford County, 2009 WL 3747175 at *2 (D. Md. Nov. 4, 2009); Marryshow, 129 F.R.D. at 319; Dawson, 896 F.Supp. at 540.

Defendants note and Plaintiff does not contest that, with the exception of the conversion claim in Count V, any liability on the part of Baltimore County is contingent upon a finding that the individual officers had inflicted a constitutional injury. Only if the officers are found to have violated Mr. Cann's civil rights must the question be answered if some custom, practice, or policy of the County was the proximate cause of that violation. Under similar circumstances presented in the decisions cited above, this Court has concluded that bifurcation streamlines the issues for trial as well as prevents the prejudice to the individual

3

defendants that might arise if prior incidents of police brutality are introduced as evidence to establish a county custom or policy of tolerating or prescribing the use of excessive force. Furthermore, this Court has reasoned that, if the individual defendants are found not liable, the need for discovery related to and resolution of the claims against the County is obviated.

In opposing Defendants' motion, Plaintiff argues that here, unlike Marryshow and its progeny, one of her claims, the conversion claim, is not contingent upon a finding of a constitutional injury inflicted by the Individual Defendants. Plaintiff's counsel also argues that sitting through two trials involving testimony concerning and a video[1] depicting the shooting of Plaintiff's son would be emotionally difficult for Plaintiff. Should the Court determine that bifurcation for trial is appropriate, Plaintiff asks that the Court nevertheless allow discovery to proceed against Baltimore County so that a trial on the County's liability could go forward immediately after the trial of the Individual Defendants, should they be found liable.

As to Plaintiff's first argument, the Court will allow discovery to go forward regarding the money seized from Mr. Cann. Once this discovery is completed, this is the kind of issue that

---

[1] Apparently, the shooting was caught on videotape, presumably by a camera in one of the police vehicles.

in all likelihood could be resolved, one way or another, by a dispositive motion.[2] Should there remain, however, some issue related to the money that requires a trial, the Court would certainly consider including the resolution of that claim in the trial against the Individual Defendants. That issue is separate and distinct from the County's "custom and policy" liability.

As for the hardship caused by Plaintiff having to endure two separate trials, the Court is certainly sympathetic but also recognizes that the hardship of a potential second trial can be mitigated. If the fact of the constitutional violation is established in the first trial, that finding would be binding on the parties in the second trial and all the evidence regarding the February 29, 2008, shooting would not need to be repeated. To the extent that some of the evidence does need to be repeated, Plaintiff could excuse herself from the courtroom for the more difficult portions of the re-presentation of that evidence and her absence certainly would not prejudice her case in the eyes of the jury.

Finally, as for Plaintiff's suggestion that discovery proceed on the custom and policy claim against the County, the

---

[2] Defendants' counsel indicates that he is investigating the status of those funds and opines that, once that investigation is complete, the parties should be able to reach a settlement as to the conversion claim. Mot. at 2 n.1.

Court concludes that doing so would nullify one of the primary advantages of bifurcation, i.e., the potential elimination of the need to take voluminous discovery related to other complaints of police misconduct. Plaintiff has already requested discovery related to any administrative complaints, any investigations, and any lawsuits filed or settled relating to claims of brutality or excessive force against any Baltimore County police officer in the last five years. The considerable burden and expense of this discovery on the parties would be unnecessary unless and until any of the Individual Defendants are found liable.

Accordingly, with the exception of the conversion claim, the Court will bifurcate the claims against Baltimore County from the claims against the Individual Defendants. The Court will also stay all discovery that is not related to the February 29, 2008, shooting of Mr. Cann, or to the Individual Defendants. A separate order will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: February 9, 2011